Filed 2/7/24  P. v. Garcia CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B331662 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. TA135154 |
| ROBERTO CARLOS GARCIA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, H. Clay Jacke II, Judge.  Affirmed.

Roberto Carlos Garcia, in pro. per.; and Lenore De Vita, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

—————————————

Under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), we review this appeal of an order denying a petition for resentencing under Penal Code section 1172.6.[1] We affirm.

## BACKGROUND

In September 2015, a jury convicted Roberto Carlos Garcia of two counts of attempted murder and found true allegations that the attempted murders were willful, deliberate, and premeditated. The jury also found true allegations that Garcia personally used and personally and intentionally discharged a firearm causing great bodily injury to both victims. In addition, the jury convicted Garcia of being a felon in possession of a firearm, felony resisting, and possession of methamphetamine. The jury found true gang allegations as to the attempted murder and gun possession counts.

The trial court sentenced Garcia to 86 years to life in the state prison. In August 2018, we affirmed Garcia's conviction but vacated his sentence and remanded the matter for the court to consider whether to strike one or both of the firearm enhancements under then-recently-enacted Senate Bill No. 620. (*People v. Garcia* (Aug. 14, 2018, B272046) [nonpub. opn.] (*Garcia I*).) Back in the trial court, the court struck one of the firearm enhancements as well as the prison priors and resentenced Garcia to 59 years to life.

We summarize very briefly the facts set forth in *Garcia I*, not for their truth but only for the basis of Garcia's conviction.

---

[1] References to statutes are to the Penal Code. Garcia filed his petition under former section 1170.95, now renumbered section 1172.6 with no change in text. (Stats. 2022, ch. 58, § 10.)

(See *People v. Woodell* (1998) 17 Cal.4th 448, 459–460.) Around 10:20 p.m. one night in September 2014, Amber Haynes was "hanging" with a group of people outside an apartment complex in Compton. She saw Garcia approaching. She looked down at her phone, then up again to see Garcia holding a black semiautomatic handgun in his gloved hand. Garcia pointed the gun at Haynes, then turned and pointed it at a crowd of people near a staircase. Garcia "twice angrily yelled, 'Where are you from, fool?' " (*Garcia I*.)

Garcia fired a shot and everyone ran. Haynes heard three or four shots and then, seconds later, a second volley of shots. Two people—Andrew Duvea and Uzziel Curry—were hit by gunfire but survived. Swandea Davis was "hanging out" with both victims that night as well. At trial, she testified Garcia seemed to be aiming at Duvea. (*Garcia I*.)

The morning after the shooting, Haynes identified Garcia in a photographic lineup. Both Haynes and Davis identified gloves found behind a tree in the area as those Garcia wore during the shooting. (*Garcia I*.)

Garcia's defense at trial was misidentification. Duvea, a member of a rival gang, denied at trial that Garcia was the person who shot him. Duvea claimed the shooter was someone named Jose Sosa, with the moniker "Crayzo." (*Garcia I*.)

On appeal, "[t]he fact [Garcia] was the shooter [was] not at issue." (*Garcia I*.)

On April 1, 2022, Garcia filed a form petition for resentencing. He checked boxes stating (as relevant here) an information had been filed against him that allowed the prosecution to proceed under a theory of "attempted murder under the natural and probable consequences doctrine," he was

convicted of attempted murder following a trial, and he could not presently be convicted of attempted murder because of changes made to sections 188 and 189. The trial court appointed counsel for Garcia and called for briefing.

The prosecution filed a response asserting Garcia was not entitled to relief "because he was the actual shooter in this case and acted with express malice. In addition, the jury was not instructed on the natural and probable consequences doctrine."

Garcia's counsel filed a reply conceding the jury was not instructed on the natural and probable consequences doctrine. However, counsel contended the "kill zone" instruction the trial court gave the jury "nullifie[d] 'intent' and in essence argue[d] and substitute[d] 'natural and probable consequences.' " Counsel attached a copy of CALJIC No. 8.66.1 entitled, "Attempted Murder—Concurrent Intent." The instruction stated, "A person who primarily intends to kill one person, may also concurrently intend to kill other persons within a particular zone of risk." Counsel also attached one page from the prosecutor's closing argument in which he noted that, according to Davis's testimony, Garcia "was aiming at Duvea." The prosecutor continued, "But there's an instruction that the judge read. It's reasonable to infer the perpetrator intended to kill the primary victim by killing everyone in that victim's vicinity."[2]

---

[2] Garcia's counsel also argued there was insufficient evidence to support the gang enhancement because "the requirement of two predicate offenses was objectionable and should have been excluded." However, a section 1172.6 petition is not a vehicle to relitigate alleged trial court errors. (See, e.g., *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 ["mere filing" of § 1172.6 petition doesn't afford petitioner new opportunity to raise trial court error claims or attack sufficiency of evidence to support jury's findings];

4

On July 10, 2023 the court held a hearing. Garcia's counsel acknowledged his argument about the gang allegation was "more of a habeas" "rather than an 1172.6." Counsel mentioned "the kill zone instruction being not modified" and then concluded, "I would submit it."

The court stated,

> "[A]s to the 1172.6, the court finds as a matter of law that there is nothing—no malice that could be imputed to Mr. Garcia. [¶] You don't have a felony murder, you don't have a natural and probable consequences theory. He is the actual shooter . . . by virtue of the jury instructions. [¶] So I don't think there is anything elsewhere [by which] malice could be imputed to him, so as a matter of law he is ineligible for relief under 1172.6."

Garcia appealed and we appointed counsel to represent him on appeal. On November 14, 2023, counsel filed a brief stating she had "reviewed the entire record and found no arguable issues to raise on appeal." Counsel stated "[a]n attorney at the Los Angeles California Appellate Project has also reviewed the record." Counsel asked us to "exercise [our] discretion to conduct an independent review of the record." Counsel stated she had sent the record and a copy of her brief to Garcia, and had advised him he could file a supplemental brief.

On December 1, 2023, Garcia filed a supplemental brief. Garcia states, "I'm in fact innocent of this alleged crime!" Garcia attached several pages of what appears to be trial testimony:

---

*People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [§ 1172.6 is not a direct appeal].)

a witness (presumably Duvea) saying he didn't see the shooter "here in court" and a witness (presumably a forensic scientist) saying there were "at least three contributors" of DNA on a gun. Garcia claims his attorney in his direct appeal "failed [him]" as, he says, did his counsel in this appeal.

## DISCUSSION

Senate Bill No. 1437 (2017–2018 Reg. Sess.) (SB 1437) eliminated the natural and probable consequences doctrine as a basis for murder liability and limited the scope of the felony murder rule. (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) Petitions for resentencing carry out the intent of SB 1437: "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *Lewis*, at p. 967.) SB 1437 changed the elements of murder by limiting the circumstances in which malice can be implied. (*People v. Solis* (2020) 46 Cal.App.5th 762, 779.) Petitions under section 1172.6, then, address convictions where a defendant was not the killer, but was held vicariously liable on one of several theories of liability identified in the statute. Senate Bill No. 775 (2021–2022 Reg. Sess.), effective as of January 1, 2022, extended resentencing eligibility to individuals convicted of attempted murder under the natural and probable consequences doctrine. (Stats. 2021, ch. 551, § 1, subd. (a).) Section 1172.6 "applies by its terms only to attempted murders based on the natural and probable consequences doctrine." (*People v. Coley* (2022) 77 Cal.App.5th 539, 548.)

In *Delgadillo*, our Supreme Court clarified the procedures required in an appeal from the denial of a section 1172.6 petition

6

where counsel finds no arguable issues: (1) "counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition"; and (2) the defendant should be notified of his right to file a supplemental brief. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231–232.) If the defendant then files a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Id*. at p. 232.)

Counsel's *Delgadillo* brief notes Garcia's jury "was not instructed on felony murder, or natural and probable consequences," and "the trial court found as a matter of law that" Garcia "was the actual shooter." Nothing in the record of conviction suggests there were two perpetrators. The People charged Garcia as the sole and actual shooter, and the jury convicted him on that basis. The record contains no allegation of accomplice liability. Accordingly, the record of conviction establishes Garcia is not entitled to relief as a matter of law. (See, e.g., *People v. Pickett* (2023) 93 Cal.App.5th 982, 987, 989–990, 994, review granted Oct. 11, 2023, S281643 [affirming summary denial of resentencing petition; defendant failed to make a prima facie showing that he was eligible for relief; preliminary hearing transcript demonstrated defendant acted alone in killing the victim; there was no allegation or evidence of an accomplice in the killing of the victim]; *People v. Harden* (2022) 81 Cal.App.5th 45, 53–54, 56; *People v. Myles* (2021) 69 Cal.App.5th 688, 692–694 [affirming denial of resentencing

7

because defendant, as actual killer was directly—not vicariously—liable]; *People v. Edwards* (2020) 48 Cal.App.5th 666, 669, 671, 674 [affirming summary denial of resentencing petition where record of conviction showed petitioner was actual killer]. Cf. *Delgadillo*, *supra*, 14 Cal.5th at p. 233 [defendant not entitled to resentencing because he "was the actual killer and the only participant in the killing"].)

For these reasons, we conclude the issue Garcia raises lacks arguable merit. The trial court correctly ruled Garcia did not show a prima facie case for relief. (See *Lewis*, *supra*, 11 Cal.5th at pp. 970–971.) As for Garcia's claims that counsel "failed" him, he did not file a motion to have his attorney in his direct appeal removed, and the record in this resentencing proceeding contains no evidence to support any assertion of incompetence.

We have exercised our discretion to review the entire record independently (*Delgadillo*, *supra*, 14 Cal.5th at pp. 232–233 & fn. 6) and find no arguable issues on appeal. We are satisfied Garcia's counsel has fully complied with her responsibilities and no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

8

## DISPOSITION

We affirm the order denying Roberto Carlos Garcia's petition for resentencing.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EGERTON, J.

We concur:


EDMON, P. J.


ADAMS, J.